IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


UNITED STATES OF AMERICA )
)
v. ) No. 3:06-CR-154
)
BILLY FLOYD LEASURE )


# **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's motion for a new trial [doc. 52]. The government has responded [doc. 54], and the motion is ripe for the court's consideration. For the reasons discussed below, the defendant's motion will be denied.

In his motion, the defendant argues that the jury's verdict was inconsistent in that they were unable to agree on the conspiracy charge (Count One), but found him guilty of aiding and abetting the distribution of cocaine base (Count Two). He argues that if there was no conspiracy, he could not have aided and abetted the substantive offense. He contends that this inconsistency, combined with the jury's earlier report that they were deadlocked[1] and at least one disgruntled juror, requires a new trial. Further, the defendant argues that the

---

[1] At which point, the court gave the Sixth Circuit pattern instruction for deadlocked juries without objection by the defendant or the government.

only evidence of his intent was his own testimony that he did not intend to distribute the crack cocaine, but had it for his own use. Thus, the evidence was insufficient to support a finding of guilt on the distribution count.

In its response, the government agrees that the jury was having trouble coming to a decision, but this difficulty does not require a new trial. The jury was not coerced into a decision, but merely reminded of their responsibilities.

In response to the defendant's argument that the jury's verdict was inconsistent, the government asserts that the jury was instructed to consider each count separately, and it was the jury's prerogative to render a verdict on one charge without reaching an agreement on another. Further, the conspiracy charge and the aiding and abetting distribution of cocaine base charge have different elements, so a rational jury could fail to agree on one count but find the defendant guilty of the other.

Finally, in response to the defendant's argument that the evidence of his intent was insufficient to support the jury's verdict on Count Two, the government contends that when all the evidence, circumstantial as well as direct, is considered in the light most favorable to the government, there was sufficient evidence to support the guilty verdict. Thus, there was no error, and the defendant is not entitled to a new trial.

The court agrees with the government's arguments. The jury's failure to reach a verdict on the conspiracy count while finding the defendant

guilty of aiding and abetting the distribution of cocaine base merely demonstrates that the jury followed the court's instructions and considered each charge separately. Also, the fact that the jury deadlocked, was reminded of its responsibilities, and then came to an agreement on Count Two, is not a circumstance that requires a new trial. Finally, the court finds that there was sufficient circumstantial evidence of the defendant's intent to distribute cocaine base, notwithstanding his testimony to the contrary, to support the jury's verdict on Count Two.

For these reasons, it is hereby **ORDERED** that the defendant's motion for a new trial is **DENIED**.

ENTER:

*s/ Leon Jordan*
United States District Judge