UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| BILLY FLOYD LEASURE, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 3:06-cr-154 |
| | ) | | 3:11-cv-009 |
| | ) | | JUDGE JORDAN |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Billy Floyd Leasure ("petitioner"). The government has filed its response to the motion and petitioner has filed his reply to the response. Petitioner has also filed a motion for leave to file an additional claim for relief, which will be **DENIED** because it is barred by the one-year statute of limitation.[1] For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

I.   **Standard of Review**

---

[1] Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence; the limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). Petitioner filed his motion more than one year from the date the Supreme Court denied his petition for writ of certiorari and thus the ground raised in the motion is barred from consideration by the statute of limitation.

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

**II.     Factual Background**

Petitioner was found guilty by a jury of aiding and abetting the distribution of crack cocaine. He was sentenced as a career offender to a term of imprisonment of 200 months. [Criminal Action No. 3:06-cr-154, Doc. 92, Judgment]. The sentence reflected a downward variance by the Court based upon the small amount of drugs found on petitioner. Petitioner's conviction and sentence were affirmed on direct appeal. *United States v. Leasure*, 331 F.

2

Case 3:06-cr-00154-RLJ-HBG   Document 166   Filed 11/25/13   Page 2 of 6   PageID #: 736

App'x 370 (6th Cir. June 3, 2009), *cert. denied*, 558 U.S. 1129 (2010). In support of his § 2255 motion, petitioner alleges ineffective assistance of counsel.

**III. Discussion**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

3

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges that counsel failed to renew a motion for judgment of acquittal after the close of the evidence on the grounds that the evidence was insufficient to support the conviction, thereby limiting appellate review of the issue. In order to demonstrate insufficient evidence, a defendant must show "that upon the record evidence adduced at the trial no rational trier of fact could have found proof beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). There is nothing in the record to suggest that the evidence was not sufficient to convict petitioner, and thus his attorney was not ineffective in failing to renew his motion for a judgment of acquittal.

> Failing to make a motion for a judgment of acquittal that had no chance of success fails both prongs [of Strickland]. First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome.

*United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004) (footnote omitted).

Petitioner also alleges that counsel failed to object to the 12.2 grams of crack cocaine for which he was held responsible in the presentence report, since the amount was not alleged in the indictment or found by the jury beyond a reasonable doubt. This allegation is

4

contradicted in the record because counsel in fact objected to the amount of drugs; the issue as to the amount of crack cocaine was also raised and rejected on direct appeal.

> Leasure claims that the district court erred in attributing the drugs found on Benjamin and Mitchell to him for sentencing purposes. The jury returned a verdict convicting Leasure of aiding and abetting the distribution of cocaine base, but the verdict did not specify the amount of drugs involved. At sentencing, the district court found that 12.2 grams of cocaine were attributable to Leasure, including the 1.2 grams found on Leasure, 7 grams found on Benjamin, and 4 grams found on Mitchell. Leasure argues that the district court engaged in improper judicial fact-finding in determining the amount of drugs attributable to him.
>
> It is well-established that district courts can make findings of fact by a preponderance of the evidence for sentencing purposes. Moreover, Leasure was sentenced under the career offender provision of the Guidelines, which was in no way affected by the district court's finding. The amount of drugs attributable to Leasure did not adversely affect the selection of his sentence; to the contrary, the district court found that the small amount of 1.2 grams found on Leasure was a mitigating factor weighing in favor of a downward variance.

*United States v. Leasure*, 331 F. App'x at 377-78 (internal citations omitted).

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

## IV. Conclusion

Petitioner's motion to file an additional claim for relief will be **DENIED** as time-barred. Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma*

5

*pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

  s/ Leon Jordan  
United States District Judge
